J.S45034/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :      IN THE SUPERIOR COURT OF
                                               :                PENNSYLVANIA
                 Appellee      :
                                                 :
          v.               :
                                                 :
A.D.H.,                               :
                                                 :
               Appellant      :      No. 317 MDA 2015

Appeal from the PCRA Order February 5, 2015
In the Court of Common Pleas of Adams County
Criminal Division No(s).: CP-01-CR-0000720-2009

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED AUGUST 21, 2015**

Appellant, A.D.H.,[1] appeals *pro se* from the order of the Adams County Court of Common Pleas that dismissed his second Post Conviction Relief Act[2] ("PCRA") petition as untimely. Appellant asserts that he timely raised a claim that his sentence is illegal under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), and ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super. 2014). We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] We have amended the caption in this appeal to refer to Appellant by his initials, and will do so throughout this memorandum.

[2] 42 Pa.C.S. §§ 9541-9546.

Appellant was convicted of sexual offenses and, on November 12, 2012, was sentenced to thirteen to thirty years' imprisonment, based, in part, upon the trial court's finding that the mandatory sentencing provision in 42 Pa.C.S. § 9718 applied.[3] This Court affirmed the judgment of sentence on June 20, 2012. **Commonwealth v. A.D.H.**, 1639 MDA 2011 (unpublished memorandum) (Pa. Super. June 20, 2012). Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

Appellant filed a first, timely PCRA petition on August 22, 2012, which the PCRA court denied on August 6, 2013, after appointing counsel and holding an evidentiary hearing. This Court affirmed on April 11, 2014, and the Pennsylvania Supreme Court denied allowance of appeal on August 21, 2014. **See Commonwealth v. A.D.H.**, 1535 MDA 2013 (unpublished memorandum) (Pa. Super. Apr. 11, 2014), *appeal denied*, 97 A.3d 742 (Pa. Aug. 21, 2014).

Four days later, on August 25, 2014,[4] Appellant filed the instant *pro se* second PCRA petition, alleging his sentence was illegal under **Alleyne**. The PCRA court, on September 16, 2014, issued an order apprising Appellant that it would dismiss the petition as untimely and granting Appellant thirty

---

[3] Section 9718 set forth mandatory minimum sentences for offenses against infant persons.

[4] Although not received by the PCRA court until August 27, 2014, the envelope bearing Appellant's *pro se* petition was post-marked August 25, 2014. **See Commonwealth v. Little**, 716 A.2d 1287, 1288-89 (Pa. Super. 1998) (discussing prisoner mailbox rule).

days to respond. *See* Pa.R.Crim.P. 907. Appellant filed a response, as well as a petition for leave to amend his petition that cited this Court's December 24, 2014 decision in *Wolfe*. The PCRA court, on February 5, 2015, dismissed the petition as untimely. This timely appeal followed.[5]

Appellant asserts his sentence is illegal in light of *Alleyne* and *Wolfe*. He argues courts retain the authority to correct an illegal sentence. He relies on *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000), to claim he timely presented this claim after his appeals from his first PCRA petition were exhausted. No relief is due.

The standards governing our review are well settled. "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

This Court has previously summarized a court's authority to consider legality of sentencing claims under the PCRA:

> Waiver and jurisdiction are separate matters. "Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim."

---

[5] Appellant complied with the trial court's order to file and serve a Pa.R.A.P. 1925(b) statement.

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." Statutory time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits."

[W]e articulated the timeliness standards under the PCRA as follows:

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." When an action is cognizable under the PCRA, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]"

In order for a court to entertain a PCRA petition, a petitioner must comply with the PCRA filing deadline. The time for filing a petition is set forth in 42 Pa.C.S.[ ] § 9545(b), which provides in relevant part:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

\* \* \*

. . . "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition."

***Commonwealth v. Seskey***, 86 A.3d 237, 241-42 (Pa. Super.) (citations omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014).

More specifically, this Court has previously held that ***Alleyne***, and its current Pennsylvania progeny, do not establish an exception to the PCRA time-bar under 42 Pa.C.S. § 9545(b)(1)(iii).

Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These

words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

\* \* \*

Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to [an] argument regarding the PCRA time-bar.

**Miller**, 102 A.3d at 994-95.

Instantly, Appellant's conviction became final on July 20, 2012, thirty days after this Court affirmed the judgment of sentence and the time for filing a petition for allowance of appeal lapsed. Thus, the time for filing a facially timely PCRA petition expired one year later, on Monday, July 22, 2013. **See** 1 Pa.C.S. § 1908; 42 Pa.C.S. § 9545(b)(1). Although Appellant's claims go to the legality of his sentence, he bore the burden of establishing jurisdiction by demonstrating an exception to the PCRA time-bar. **See Seskey**, 86 A.3d at 241-42.

Although Appellant seeks relief based on **Alleyne** and **Wolfe**, those decisions do not constitute timeliness exceptions under 42 Pa.C.S. § 9545(b)(1)(iii).[6] **See Miller**, 102 A.3d at 994-95. We are mindful that

---

[6] Indeed, although **Alleyne** has been applied "retroactively" in cases on direct review, this Court recently held **Alleyne** does not apply on collateral

Appellant filed the instant petition within sixty days of the conclusion of his appeals from his first PCRA petition. However, because Appellant's threshold assertion of a time-bar exception based on *Alleyne* and *Wolfe* fails, his reliance on *Lark* as an independent exception to the PCRA time-bar is misplaced. Thus, we agree with the PCRA court that Appellant's petition was untimely and did not invoke jurisdiction to consider the merits of his claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015

---

review. ***Commonwealth v. Riggle***, ___ A.3d ___, ___, 2015 WL 4094427, at *6 (Pa. Super. July 7, 2015); ***see generally Cleveland v. Johns-Manville Corp.***, 690 A.2d 1146, 1150 n.8 (Pa. 1997) (describing (1) "'retroactive effect'" "in which the new rule is applied to the case in which it is announced and all other cases then pending on direct review where the issue is raised," and (2) "'fully retroactive effect'" "in which the new rule is applied even where the issue has been finally decided at the time of the decision announcing the new rule but later is asserted in collateral proceedings.").