J-S07006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHANE DEMOUR SHIVERS | |
| Appellant | No. 1132 MDA 2016 |

Appeal from the PCRA Order June 21, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):
CP-36-CR-0000689-1997
CP-36-CR-0002210-1997
CP-36-CR-0002532-1997
CP-36-CR-0002619-1997
CP-36-CR-0002620-1997

BEFORE:  BOWES, LAZARUS AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                          **FILED MARCH 15, 2017**

Shane Demour Shivers appeals from the June 21, 2016 order dismissing his third PCRA petition as untimely.  We affirm.

On November 12, 1997, Appellant plead guilty to seven counts robbery, two counts aggravated assault, and eight counts of criminal conspiracy.  The pleas stemmed from Appellant's involvement an armed robbery spree in Lancaster, Pennsylvania, while he was sixteen years old.  Appellant shot two of the robbery victims, but, fortunately, neither victim died.  The trial court imposed an aggregate term of thirty-five to seventy years imprisonment, which we affirmed on September 21, 1998.

*Commonwealth v. Shivers*, 726 A.2d 1083 (Pa.Super. 1998) (unpublished memorandum).  Appellant did not seek further review.

Appellant filed his first PCRA petition on September 26, 2005, counsel was appointed, and the petition was dismissed as untimely.  We affirmed the denial of PCRA relief.  *Commonwealth v. Shivers*, 943 A.2d 322 (Pa.Super. 2007) (unpublished memorandum).  On June 30, 2010, Appellant filed a second PCRA petition.  Again, relief was denied, and we affirmed.  *Commonwealth v. Shivers*, 34 A.2d 232 (Pa.Super. 2011) (unpublished memorandum).

On March 23, 2016,[1] Appellant filed the instant *pro se* PCRA petition, his third.  Appellant claimed entitlement to relief under *Graham v. Florida*, 130 S.Ct. 2011 (2010), *Miller v. Alabama,* 132 S.Ct. 2455 (2012), and *Montgomery v. Louisiana,* 136 S.Ct. 718 (2016).  In *Miller*, the United States Supreme Court held that it was unconstitutional, under the Eighth Amendment's prohibition against cruel and usual punishment, to sentence a juvenile homicide offender to a mandatory term of life imprisonment without parole.  The Court had applied a similar Eighth Amendment analysis in

---

[1] Pursuant to the prisoner mailbox rule, a PCRA petition is considered filed on the date it was delivered to prison authorities for mailing.  ***See Commonwealth v. Castro***, 766 A.2d 1283, 1287 (Pa.Super. 2001); ***Commonwealth v. Little***, 716 A.2d 1287 (Pa.Super. 1998).  Instantly, the certified record includes a cash slip for postage dated March 23, 2016, that confirms the date Appellant submitted the petition to prison authorities.  Therefore, we consider the petition to have been filed by that date.

*Graham* in relation to juvenile non-homicide offenders sentenced to life imprisonment without parole. Its recent pronouncement in *Montgomery* accorded full retroactive effect to the *Miller* decision.

Concluding that Appellant's reliance upon *Graham* and *Montgomery* was unavailing, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss the petition without hearing, and after receiving Appellant's *pro se* response, it dismissed the petition as untimely. This appeal followed.

Appellant presents two questions for our review:

I. Whether [Appellant's] aggregate [sentence of] 35 to 70 [years] imprisonment for juvenile non[-]homicide crimes is disproportionate, cruel and unusual punishment in violation of his [rights under the] 8th and 14th [Amendments] when compared to term-of-year punishments juvenile homicide offenders are sentenced to in Pennsylvania now that "imposition of a state's most severe penalties on juvenile offender's cannot proceed as though they were not children." *Miller v. Alabama*, 132 S.Ct 2455, 2466 (2012).

II. Whether [Appellant's] guilty plea pursuant to Pa.R.Crim.P. 590 was tendered in violation of his [rights under the] 8th and 14th [Amendments] now that [a] juvenile "offenders age is relevant to the Eighth Amendment, and criminal procedure laws that fail to take defendants' youthfulness into account at all would be flawed." *Graham v. Florida*, 130 S.Ct 2011, 2013 (2010)?

Appellant's brief at 4.

We review the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error."

- 3 -

*Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa. Super. 2016) (quoting *Commonwealth v. Treiber,* 121 A.3d 435, 444 (Pa. 2015)).

At the outset, we must confront the petition's timeliness because "neither this Court nor the trial court has jurisdiction over [an untimely] petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014). This time requirement is mandatory and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000).

All PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Instantly, Appellant's judgment of sentence became final during October 1998 since he did not seek review in our Supreme Court. Thus, the present petition filed during March 2016 is facially untimely and cannot be addressed unless one of the following exceptions to the one-year time bar apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).  In addition, any exception must be raised within sixty days of the date the claim could have been presented.  42 Pa.C.S. § 9545(b)(2).

Relying upon the Supreme Court's decision in **Montgomery**, Appellant invokes the newly-recognized constitutional right exception to the PCRA time-bar.  While Appellant's argument is not a model of clarity, Appellant appears to assert that his present PCRA petition is timely filed since **Montgomery** created a new constitutional right that is applicable to him and that he filed the PCRA petition within sixty days of when **Montgomery** was decided.  Specifically, he maintains that **Montgomery** rendered retroactive the United States Supreme Court's decision in **Graham** as well as **Miller**.  This assertion fails for at least two reasons.  First, the **Montgomery** Court expressly gave **Miller** retroactive effect, not **Graham**.  Second, even recognizing the High Court's reference to **Graham** as "the 'foundation stone'" for **Miller's** analysis," Appellant still is not entitled to relief.

*Montgomery*, *supra* at 732. In *Miller*, the Court ruled that it was unconstitutional to sentence a juvenile homicide offender to an automatic term of life imprisonment without parole. Similarly, the *Graham* Court held that the Eighth Amendment bars life without parole for juvenile nonhomicide offenders. As Appellant was neither convicted of homicide nor sentenced to life imprisonment without parole, neither case applies to his situation.

Having found that Appellant's PCRA petition was untimely filed and that no exceptions to the statutory time-bar apply, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2017