J-S12023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMIE LYNN SWICK | |
| Appellant | No. 1172 MDA 2016 |

Appeal from the PCRA Order June 27, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000310-2008

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 21, 2017**

Jamie Lynn Swick appeals *pro se* from the order entered June 27, 2016, in the Court of Common Pleas of Bradford County, dismissing her second petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46.  A jury found Swick guilty of two counts each of involuntary deviate sexual intercourse and statutory sexual assault,[1] and Swick was ultimately sentenced to 180 to 360 months' imprisonment.  In this appeal, Swick contends the PCRA court erred in (1) denying and dismissing the PCRA petition as being untimely, (2) denying and dismissing the PCRA petition on the basis that time served is not a remedy for relief, (3) not granting relief on the claims of ineffective assistance of trial and

_____

[1] 18 Pa.C.S. §§ 3123(a), and 3122.1, respectively.

appellate counsel, and (4) failing to take Pennsylvania and United States constitutional violations of government officials into consideration. *See* Swick's Brief at 4. Because we agree with the PCRA court that the petition is untimely, we affirm.

The facts underlying Swick's arrest and convictions are summarized in the memorandum decision of this Court affirming the denial of her first PCRA petition, and we need not reiterate them herein. *See Commonwealth v. Swick*, 131 A.3d 102 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 130 A.3d 1289 (Pa. 2016). We simply state that the charges arose after law enforcement authorities discovered that Swick, who was twenty-seven years-old at the time, was having a sexual relationship with a fourteen-year-old boy. On December 15, 2008, the trial court sentenced Swick to serve an aggregate term of 206 to 412 months' incarceration. However, following a successful direct appeal, in part,[2] Swick was resentenced on July 19, 2010, to 180 to 360 months' incarceration.

Swick's first PCRA petition was filed on August 12, 2011. The PCRA court dismissed all but two of Swick's various ineffectiveness claims. On September 17, 2014, following an evidentiary hearing on the two remaining claims, the PCRA court issued an order dismissing Swick's first PCRA petition. On August 25, 2015, this Court affirmed the denial of PCRA relief

---

[2] *See Commonwealth v. Swick*, 4 A.3d 181 (Pa. Super. 2010) (unpublished memorandum).

and, on February 1, 2016, the Pennsylvania Supreme Court denied allowance of appeal. *See Swick,* 131 A.3d 102 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 130 A.3d 1289 (Pa. 2016).

Swick filed this second PCRA petition on April 27, 2016. The PCRA court issued Pa.R.Crim.P. 907 notice on June 1, 2016, and Swick filed a response to the Rule 907 notice on June 16, 2016. The PCRA court dismissed the petition on June 27, 2016. This appeal timely followed.[3]

Our standard of review is well established:

> "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Taylor*, 620 Pa. 429, 67 A.3d 1245, 1248 (Pa. 2013) (quoting *Commonwealth v. Rainey*, 593 Pa. 67, 928 A.2d 215, 223 (Pa. 2007)).

*Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016). At the outset, we address the timeliness of Swick's second PCRA petition, which is the first issue raised in this appeal.

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature." *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). A PCRA petition must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S. § 9545(b)(1). Under the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary

---

[3] The PCRA court did not order Swick to file a Pa.R.A.P. 1925(b) concise statement.

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

There are three statutory exceptions to the PCRA's time bar. Specifically, to overcome the timeliness requirements, a petitioner must plead and prove one of the following exceptions:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Furthermore, a petitioner invoking a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Swick's judgment of sentence became final on August 18, 2010, 30 days following resentencing, when the time for a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a) (stating notice of appeal with this Court "shall be filed within 30 days after the entry of the order from which the appeal is taken"). As such, the present petition, filed in 2016 — over five years after the judgment became final — is patently untimely.

Swick maintains that she had 60 days to file the present PCRA petition, following the Pennsylvania Supreme Court's order on February 1, 2016, regarding her first PCRA petition, and that the 60-day deadline was "April 25, 2016 (excluding weekends and holidays)." Swick's Brief at 10. Furthermore, Swick argues that her petition should be deemed filed on April 23, 2016, by application of the "prisoner mailbox rule."[4] Having reviewed Swick's argument, we conclude that the PCRA court properly dismissed her second petition.

In **Commonwealth v. Lark**, 746 A.2d 585, 588 (2000), the Pennsylvania Supreme Court explained the procedure for filing a PCRA petition when a pending PCRA petition is resolved:

> [W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. **If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition**, because this is

---

[4] Pursuant to the prisoner mailbox rule, a PCRA petition is considered filed on the date it was delivered to prison authorities for mailing. **See Commonwealth v. Castro**, 766 A.2d 1283, 1287 (Pa. Super. 2001); **Commonwealth v. Little**, 716 A.2d 1287 (Pa. Super. 1998). Instantly, Swick attaches to her appellate brief a cash slip for postage dated April 23, 2016.

the first "date the claim could have been presented." 42 Pa.C.S.
§ 9545(b)(2).

*Id.* at 588 (emphasis supplied).

Applying *Lark*, Swick's argument that her second petition is timely fails. As discussed above, Swick's present petition is filed more than one year after the judgment of sentence became final. Our review confirms that the petition fails to invoke any PCRA exception to overcome the time bar. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). *See Lark, supra.* In addition, Swick's present petition does not meet the 60-day requirement of Section 9545(b)(2), since 60 days from February 1, 2016, is April 1, 2016, as calculated pursuant to 1 Pa.C.S. § 1908 ("Calculation of time").[5] *See Lark, supra.* As such, the PCRA court correctly concluded Swick's petition fails to overcome the jurisdictional timebar.

Therefore, we affirm.

_____

[5] Section 1908 provides:

> When any period of time is referred to in any statute, such period in all cases, ...shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

1 Pa.C.S. § 1908.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2017