J-S48004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JARED LEE DOWNWARD | : | |
| Appellant | : | No. 2010 MDA 2016 |

Appeal from the PCRA Order November 15, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0005279-2008

BEFORE:   OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 21, 2017**

Jared Lee Downward appeals *pro se* from the Order entered November 15, 2016, in the Court of Common Pleas of Lancaster County that denied, without a hearing, Downward's serial petition filed pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546. Downward claims he is serving an illegal sentence, and that he is entitled to the same relief as those who can timely file PCRA petitions based on the equal protection clause to the Constitution.  Based upon the following, we affirm.

The background of this case was summarized by this Court in Downward's prior PCRA appeal:

---

[*] Retired Senior Judge assigned to the Superior Court.

The relevant facts and procedural history of this case are as follows. From 2006 to 2008, [Downward] engaged in sexual acts with three minor victims. On July 23, 2009, [Downward] pled guilty to one count of rape of a child and three counts each of involuntary deviate sexual intercourse ("IDSI"), statutory sexual assault, corruption of minors, and indecent assault. The court sentenced [Downward] on November 25, 2009, to an aggregate term of twelve-and-one-half (12½) to twenty-eight (28) years' incarceration. [Downward's] sentence included concurrent mandatory minimum terms of ten (10) to twenty (20) years' incarceration for the three IDSI convictions and the conviction for rape of a child, pursuant to 42 Pa.C.S.A. § 9718. [Downward] did not file a direct appeal.

On October 12, 2010, [Downward] filed his first *pro se* PCRA petition. The court appointed counsel, who filed an amended petition. On December 21, 2011, the PCRA court entered an order granting in part and denying in part the petition. The court concluded [Downward's] convictions for indecent assault, IDSI, and rape of a child with respect to one victim, C.S.P., should have merged for sentencing purposes. The court further determined [Downward] performed the act underlying his conviction for rape of a child before Section 9718 was amended to increase the mandatory minimum sentence for that offense from five to ten years' incarceration. After PCRA counsel requested clarification of the decision, the court entered an amended order on January 19, 2012, in which it vacated [Downward's] sentences for rape of a child, IDSI, and indecent assault with respect to C.S.P., and declared the mandatory minimum sentence applicable to [Downward's] rape conviction under Section 9718 was five years' incarceration. The court denied PCRA relief in all other respects, including [Downward's] claim that additional charges should have merged for sentencing. [Downward] appealed the PCRA court's order on February 21, 2012, after the court had scheduled a hearing to resentence [Downward] in accordance with the order. On March 30, 2012, the court resentenced [Downward] to a mandatory minimum term of five (5) to ten (10) years' incarceration for the rape of a child conviction and merged the indecent assault and IDSI convictions relating to C.S.P. The court re-imposed the original sentences for all other convictions, which resulted in a new aggregate sentence of twelve (12) to twenty-six years (26) years' incarceration.[3]

_____

> [3] The PCRA court's order did not state it was vacating any of [Downward's] sentences other than those for rape of a child, indecent assault, and IDSI with respect to C.S.P. Nevertheless, the court's resentencing order indicates it re-imposed the original sentences for the remaining convictions.

_____

> This Court affirmed the PCRA court's January 19, 2012 order on November 1, 2012, and the Pennsylvania Supreme Court denied allowance of appeal on March 26, 2013. *See Commonwealth v. Downward*, 63 A.3d 818 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 619 Pa. 698, 63 A.3d 1243 (2013) (rejecting [Downward's] additional merger claims). [Downward] filed his second *pro se* PCRA petition on April 23, 2013, which the PCRA court denied as untimely on May 23, 2013. This Court affirmed the PCRA court's order on April 9, 2014. *See Commonwealth v. Downward*, 102 A.3d 526 (Pa.Super. 2014) (unpublished memorandum). On April 16, 2015, [Downward] *pro se* filed the instant "motion for correction of sentence *nunc pro tunc*," which the PCRA court denied on May 13, 2015.

*Commonwealth v. Downward*, 158 A.3d 177 [1037 MDA 2015] (Pa. Super. September 13, 2016) (unpublished memorandum, at 1–4) (some footnotes omitted). This Court found that the trial court should have treated Downward's "motion for correction of sentence *nunc pro tunc*" as a PCRA petition, determined that the PCRA petition was untimely and Downward had failed to plead and prove any exception to the PCRA's timeliness requirements, and affirmed the denial of relief. *See id*.

On September 29, 2016, Downward filed the present *pro se* PCRA petition — his fourth.[1]  On October 25, 2016, the PCRA court issued notice of intent to dismiss the petition as untimely.  Downward filed a response to the Rule 907 notice, after which the PCRA court dismissed the petition on November 15, 2016.  This appeal followed.

Our standard of review is well settled:

> When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record.

*Commonwealth v. Woods*, ____ A.3d ____, ____ [2017 PA Super 181] (Pa. Super. 2017) (citations omitted).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000).  All PCRA petitions must be filed within one year of the date upon which the judgment

---

[1] Although this petition was time-stamped and docketed on October, 3, 2016, the mailing envelope included in the certified record with the PCRA petition reflects a post-mark date of September 29, 2016.  Pursuant to the prisoner mailbox rule, a PCRA petition is considered filed on the date it was delivered to prison authorities for mailing. *See Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. 2001); *Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. 1998). Applying the prisoner mailbox rule, we consider September 29, 2016 as the date of filing of Downward's present petition.

of sentence became final, unless one of the statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, the instant PCRA petition is facially untimely as Downward's judgment of sentence became final on December 28, 2009.[2] Therefore, this petition cannot be reviewed unless Downward pleads and proves a statutory exception to the PCRA time bar.

In his present petition, Downward asserts that because he was sentenced to two mandatory minimum sentences pursuant to 42 Pa.C.S. § 9718 for IDSI, he is entitled to resentencing under *Alleyne v. United States*, 133 S. Ct. 2151 (2013)[3] and *Commonwealth v. Wolfe*, 140 A.3d

---

[2] *See Commonwealth v. Downward*, 158 A.3d 177 (Pa. Super. September 13, 2016) (unpublished memorandum, at *8 and n.6) (finding "[Downward's] judgment of sentence became final on Monday, December 28, 2009, upon the expiration of the time to file a direct appeal with this Court from the original date of sentencing on November 25, 2009"; "even if we used the amended sentence date of March 30, 2012, as the relevant date for determining when [Downward's] judgment of sentence became final, the current PCRA petition is still time-barred.").

[3] In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne, supra*, 133 S. Ct. at 2155. "The effect [of *Alleyne*] was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." *Commonwealth v. Washington*, 142 A.3d 810, 812 (Pa. 2016).

651 (Pa. June 20, 2016) (holding 42 Pa.C.S. § 9718 is unconstitutional under *Alleyne*). As such, Downward's claim implicates the PCRA exception that requires a petitioner to plead and prove "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).[4]

The PCRA judge, the Honorable David L. Ashworth, analyzed Downward's claim, as follows:

> Here, Downward appears to be invoking the time-bar exception under Section 9545(b)(1)(iii). Downward maintains that his mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9718, which provides mandatory minimum sentences for various crimes against children, is unconstitutional pursuant to *Wolfe*. (*See* 2016 PCRA Petition at ¶¶14–15.) Thus, Downward's argument may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time-bar based on *Wolfe*.
>
> In *Wolfe*, the [Pennsylvania] Supreme Court affirmed the Superior Court's holding that Section 9718 is unconstitutional under *Alleyne*. *Wolfe, supra* at ___, 140 A.3d at 663 ("[W]e reaffirm *Hopkins*[5] and find that Section 9718 is irremediably unconstitutional on its face, nonseverable, and void.").

---

[4] As the instant *pro se* petition was on filed September 29, 2016, which falls within 60 days of this Court's decision affirming the denial of relief on Downwards' third PCRA petition on September 13, 2016, Downward has satisfied the 60-day requirement of 42 Pa.C.S. § 9545(b)(2).

This reliance on **Wolfe** is misplaced, however, as the Supreme Court did not recognize a new constitutional right, let alone hold any such right applied retroactively. Rather, it merely applied **Alleyne** to hold that a particular mandatory minimum sentence applied to Downward was unconstitutional. It is well-settled that **Alleyne** does not invalidate a mandatory minimum sentence when the claim is raised in an untimely PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Furthermore, our Supreme Court has held that **Alleyne** and its progeny do not apply retroactively to cases on collateral review. **Commonwealth v. Washington**, ___ Pa. ___, 142 A.3d 810, [820] (2016). Thus, the **Wolfe** decision does not assist Downward in establishing a timeliness exception to the PCRA's limitations.

---

[5] In **Commonwealth v. Hopkins**, ___ Pa. ___, 117 A.3d 247, 249 (2015), our Supreme Court applied **Alleyne** to hold that the mandatory minimum sentence found at 18 Pa.C.S.A. § 6317 (relating to drug activity in a school zone) was unconstitutional, and that severance of the violative provisions from the statue is not permissible.

---

PCRA Court Opinion, 11/15/2016, at 8–9. We agree with the sound reasoning of Judge Ashworth.

**Wolfe** involved a direct appeal from a judgment of sentence that post-dated **Alleyne** and applied **Alleyne** to hold Section 9718 was unconstitutional; **Wolfe** did not establish a new constitutional right, much less a constitutional right that applies retroactively. Furthermore, in **Washington, supra**, the Pennsylvania Supreme Court held "**Alleyne** does not apply retroactively to cases pending on collateral review." **Id.,** 142 A.3d at 820.

In short, because the present petition is patently untimely and does not satisfy any PCRA statutory exception, Downward's fourth PCRA petition was properly dismissed as the PCRA court lacked jurisdiction to review the petition.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017

---

[5] Because Downward's petition does not overcome the PCRA time-bar, this Court as well as the PCRA court lacks jurisdiction to entertain Downward's second, equal protection challenge.