J-S52030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREDERICO ANTONIO DACENZO, JR. | |
| Appellant | No. 237 MDA 2017 |

Appeal from the PCRA Order January 18, 2017
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000074-2009

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 29, 2017**

Frederico Antonio Dacenzo, Jr., appeals *pro se* from the trial court's order dismissing[1] his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[2]  After careful review, we affirm.[3]

On October 13, 2009, Dacenzo entered a negotiated guilty plea to ten counts of sexual abuse of children (possession of child pornography)[4] and

_____

[1] The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error.  **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  **Id.**

[2] 42 Pa.C.S. §§ 9541-9546.

[3] We note that the Commonwealth has not filed an Appellee's brief.

one count of criminal use of a communication facility.[5] Dacenzo was sentenced to an aggregate term of 10-20 years' imprisonment, with a 20-year probationary tail.[6] Dacenzo was also ordered to register for ten years under Megan's Law.[7] Dacenzo did not file post-sentence motions or a direct appeal. On August 13, 2012, Dacenzo filed a *pro se* PCRA petition; appointed counsel filed a motion to withdraw pursuant to **Turner**/**Finley**. On October 24, 2012, Dacenzo filed a motion to dismiss counsel's motion to withdraw. On December 6, 2012, the trial court entered an order giving Dacenzo notice of its intent to dismiss his PCRA petition, in accordance with Pa.R.Crim.P. 907(1), denying Dacenzo's motion to dismiss and granting counsel leave to withdraw.

---

*(Footnote Continued)*

[4] 18 Pa.C.S. § 6312(d). The first count of abuse of children was graded as a third-degree felony, **see** 18 Pa.C.S. § 6312(d.1)(2)(i); the remaining nine counts were graded as a second-degree felonies. **Id.** at § 6312(d.1)(2)(ii).

[5] 18 Pa.C.S. § 7512(a), graded as a third-degree felony.

[6] Dacenzo was deemed not to be eligible under the Recidivism Risk Reduction Incentive (RRRI) Act. **See** 61 Pa.C.S. §§ 4501-4512 (RRRI Act).

[7] Megan's Law previously provided for the registration of sexual offenders and was codified at 42 Pa.C.S.A. § 9791, *et seq*. Megan's Law was replaced with the Sexual Offender Registration and Notification Act ("SORNA"), effective December 20, 2012. **See** 42 Pa.C.S.A. § 9799.10-9799.41.

On December 21, 2012, Dacenzo filed an objection to the court's intent to dismiss his petition.[8] On January 8, 2013, the trial court dismissed Dacenzo's petition. Dacenzo appealed that decision; our Court affirmed the trial court's order concluding that the petition was patently untimely and Dacenzo did not satisfy the "after-discovered fact" exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii). *See Commonwealth v. Dacenzo*, 172 MDA 2013 (filed Sept. 19, 2013) (Pa. Super. 2013).

On December 11, 2014, Dacenzo filed a *pro se* motion to amend his sentence, seeking RRRI eligibility. On December 19, 2014, the court denied the motion stating that Dacenzo was not RRRI eligible due to his conviction for an offense that requires him to register under Megan's Law. *See* 61 Pa.C.S. § 4503(4). In January 2015, Dacenzo filed an appeal from the denial of his RRRI motion. On July 21, 2015, our Court affirmed the denial of Dacenzo's RRRI petition, treating the petition as a serial PCRA petition, and concluding that the PCRA court lacked jurisdiction to grant Dacenzo any relief where his petition was patently untimely and he did not plead and prove any PCRA time-bar exception. *Commonwealth v. Dacenzo*, 80 MDA 2015 (filed July 21, 2015) (Pa. Super. 2015).

_____

[8] On December 26, 2012, Dacenzo appealed from the trial court's order denying his motion to dismiss counsel's motion to withdraw. Our Court subsequently dismissed this appeal as premature.

On February 23, 2016,[9] Dacenzo filed the instant *pro se* PCRA petition, his third. On January 18, 2017, the PCRA court dismissed the petition as untimely.

Dacenzo filed a timely direct appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors relied upon for appeal. On appeal, Dacenzo presents the following issues for our consideration:

(1) Did the [c]ourt err when it used unconstitutional sentencing statutes to sentence [Dacenzo], then rule **Alleyne v. U.S.**, [133 S. Ct. 2151] (2013), to be non-retroactive?

(2) Did the [c]ourt abuse its discretion when it used [Dacenzo's] juvenile record to increase [his] [p]rior [record] score?[10]

(3) Did the [c]ourt abuse its discretion when it denied [Dacenzo] the [r]ight to [c]ounsel?

(4) Did the [c]ourt abuse its discretion when it issued an [i]ntent to [d]ismiss [Dacenzo's] [PCRA] petition?

(5) Did the [c]ourt err when it waited six (6) days to mail its [i]ntent to [d]ismiss order to [Dacenzo]?,

_____

[9] While Dacenzo claims that he filed his petition on February 23, 2016, the clerk of courts actually time-stamped it on March 4, 2016. However, pursuant to **Commonwealth v. Little**, 716 A.2d 1287, 1288 (Pa. Super. 1998), "the prisoner mailbox rule provides that the date of delivery of the PCRA petition by the defendant to the proper prison authority or to a prison mailbox is considered the date of filing the petition." Therefore, we will use the February date as the controlling date.

[10] This issue is not cognizable under the PCRA as it raises a discretionary aspect of Dacenzo's sentence. **See Commonwealth v. Tilghman**, 531 A.2d 441 (Pa. Super. 1985); 42 Pa.C.S. § 9543(a)(2) (eligibility for relief under PCRA).

(6)    Did the [c]ourt abuse its discretion when it ignored [Dacenzo's] [o]bjection to the [c]ourt's [i]ntent to [d]ismiss?

(7)    Did the [c]ourt abuse its discretion when it ruled [Dacenzo's] PCRA petition as untimely?

(8)    Did the [c]ourt abuse its discretion when it [d]ismissed [Dacenzo's] PCRA petition?

(9)    Did the [c]ourt err when it waited seven (7) days to mail its [o]rder to [d]ismiss?

Appellant's Brief at 4-5.

Before we address the merits of Dacenzo's claims on appeal, we must determine whether his PCRA petition was timely filed. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. *See* 42 Pa.C.S. § 9545(b)(3); *see also Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the timeliness requirement, set forth in section 9545(b) of the PCRA. Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. *Id.* These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. *See* 42 Pa.C.S. § 9545(b)(1)(ii)-(iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.* at (b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear

untimely petitions. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003).

Instantly, Dacenzo filed his PCRA petition on February 23, 2016, when he deposited it with prison authorities. ***Little***, ***supra***. Dacenzo's judgment of sentence became final, for purposes of the PCRA, on February 15, 2010, after the time expired for him to file a direct appeal. Pa.R.A.P. 903. Therefore, in order to be timely under the PCRA, Dacenzo would have had to have filed his petition by February 15, 2011. Accordingly, Dacenzo's petition is facially untimely. However, we must determine whether Dacenzo has pled and proven an exception to the PCRA time bar.

Dacenzo's petition raises the PCRA's "newly recognized constitutional right" exception, 42 Pa.C.S. § 9545(b)(1)(iii). Specifically, Dacenzo claims that his sentence is illegal because it was based on an unconstitutional mandatory minimum statute,[11] in contravention of ***Alleyne***, ***supra***, and that he filed his petition within 60 days of the date of the recent United States Supreme Court decision, ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). In ***Alleyne***, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. ***Id.*** at 2163. In ***Montgomery***, the Supreme Court determined that the holding of ***Miller v. Alabama***, 132 S.

---

[11] It does not appear that Dacenzo was ever sentenced pursuant to an unconstitutional mandatory minimum sentence.

Ct. 2455 (2012),[12] is a substantive rule of constitutional law to which state collateral review courts were required, as a constitutional matter, to give retroactive effect.

A challenge to a sentence premised upon **Alleyne** implicates the legality of the sentence. **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc). While legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. **See** 42 Pa.C.S. § 9543(a)(2)(vii).

Dacenzo is not entitled to relief in his untimely PCRA petition. In **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), the defendant also filed an untimely PCRA petition raising the claim that his mandatory minimum sentence was illegal. To overcome the untimeliness of his petition, the defendant unsuccessfully argued that **Alleyne** announced a new constitutional right under the PCRA that applies retroactively. Additionally, the Court found meritless the defendant's allegation that his illegal sentence claim was not waivable on appeal where "in order for th[e] Court to review a legality of sentence claim, there must be a basis for [its] jurisdiction." **Id.** at 995. Finally, the **Miller** Court held that **Alleyne** is not to be applied retroactively to cases in which the judgment of sentence had become final.

---

[12] In **Miller**, **supra**, the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders." **Miller**, 132 S. Ct. at 2469. **Miller** has no applicability to the instant case.

***Id. See also Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016) (rule announced in **Alleyne** does not apply retroactively to cases pending on collateral review).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2017