COMMONWEALTH of Pennsylvania,
Appellee,

v.

**Ellery LITTLE, Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1998.
Filed Sept. 8, 1998.

Ellery Little, Pro Se, appellant.

Peter J. Garnder, Assistant District Attorney, Philadelphia, for Com., appellee.

Before JOHNSON, OLSZEWSKI and BECK, JJ.

---

BECK, Judge:

In this appeal we hold that "prisoner mailbox rule" is applicable to petitions under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546 (PCRA). The prisoner mailbox rule provides that the date of delivery of the PCRA petition by the defendant to the proper prison authority or to a prison mailbox is considered the date of filing the petition.

Appellant Ellery Little appeals *pro se* from the order denying him relief pursuant to the PCRA on the basis that his petition was not timely filed. For the reasons that follow, we reverse and remand for an evidentiary hearing on the question of whether appellant has in fact filed his petition in timely fashion.

In 1991, appellant pleaded guilty to murder in the second degree, possessing an instrument of crime, criminal conspiracy, robbery, and aggravated assault. Appellant was fifteen years old at the time of the commission of the crimes.

One year later, on March 18, 1992, appellant filed a *pro se* motion to withdraw his plea. The trial court, after a hearing, granted the motion, vacated the sentence, and a jury trial was held. The jury returned with a verdict of guilty on the charges of second degree murder, possessing an instrument of crime, criminal conspiracy, and robbery, and not guilty on the charge of aggravated assault. Appellant was then sentenced to life imprisonment for the murder charge and aggregated concurrent terms of one to twenty years for robbery and conspiracy, and suspended sentence on the remaining charges. This court affirmed the judgment of sentence on direct appeal, in a memorandum filed on October 22, 1993.

Appellant sought no further relief until he filed his PCRA petition, which was date stamped "January 21, 1997" when received by the PCRA unit of the Court of Common Pleas in Philadelphia. The petition was entered on the docket on the same date. The PCRA court dismissed the petition because it was not filed within one year of the effective date of the amendments to the act, *i.e.* by January 16, 1997, as required by § 9545(b)(1).

Appellant maintains that the PCRA court erred, because he sent his petition by first class mail, posted on January 9, 1997.[1] He submits (as Exhibit A) a copy of his "Receipt for Certified Mail" which seems to be stamped January 9, 1997, although the postmark is somewhat blurred, along with PS Form 3811, "Domestic Return Receipt" which indicates that the date of delivery to the PCRA unit is January 13, 1997. Appellant also submits (as Exhibit B) a computer printout of uncertain origin, which indicates that his petition was filed on January 16, 1997.

■ Appellant argues that his petition was timely, relying on *Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423 (1997), which held that the "prisoner mailbox rule" applied to *pro se* direct appeals from criminal convictions. Such appeals would be deemed filed on the date that the prisoner deposits the appeal with prison authorities, or places it in a prison mailbox. Our supreme court indicated that it was willing to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities.[2] In *Jones*, the Court was expanding its ruling in *Smith v. Pennsylvania Board of Probation and Parole*, 546 Pa. 115, 683 A.2d 278 (1996), which applied to appeals from court orders pursuant to Pa. R.A.P. 1514 (applicable to petitions for review of governmental determinations), to appeals pursuant to Pa.R.A.P. 903 (applicable to direct appeals from lower courts). The superior court has recently ruled, *sua sponte*, that the prisoner mailbox rule is not limited to instances where a prisoner is challenging his or her own sentence or conviction, but is applicable to all appeals filed by prisoners

---

1. Appellant does not specify whether he made delivery to a prison official, or whether he deposited the petition in the prison mailbox. The Commonwealth brief states (pp. 5–6) that appellant "supposedly deposited it in the prison mail before the expiration of the January 16, 1997 deadline."

2. The appellant in *Jones* submitted, *inter alia*, postal service form 3811 (Return Receipt Requested), one of the documents submitted by this appellant.

proceeding *pro se. See Commonwealth v. Cooper*, 710 A.2d 76 (Pa.Super.1998), which applied the rule to allow a direct appeal in a private criminal complaint filed by the prisoner.

In adopting the prisoner mailbox rule the *Jones* court was following the analysis of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Recognizing that *pro se* prisoners in this Commonwealth face the same circumstances as federal prisoners, the Pennsylvania Supreme Court explained that the situation of prisoners seeking to appeal without the aid of counsel is such that the prisoners cannot take steps available to other litigants to monitor the process of appeal in order to ensure that the appeal arrives before the deadline. They cannot travel to the courthouse to see whether the appeal has been filed. They cannot place their appeal directly into the hands of the United States Postal Service. They cannot call the court to determine whether the appeal has been received and stamped. They cannot, at the last moment, personally deliver their appeal if the mailed copy has gone astray.

In this case, the Commonwealth's position is that the PCRA court correctly dismissed appellant's petition. The Commonwealth argues that the ruling in *Jones, supra,* involved a construction of the Rules of Appellate Procedure, fashioned by the Court itself, which are "liberally construed," while the circumstances in the instant appeal arise out of a limitation imposed by the PCRA, a statute whose wording required the trial court to dismiss the petition.[3] Moreover, the thirty-day time limit on direct appeals gives prisoners little time to comply with the requirements of filing an appeal; while appellants seeking collateral relief under the PCRA generally have at least a year to prepare their petitions. In the instant case, the Commonwealth emphasizes that appellant had over three years to seek collateral relief before the deadline. The Commonwealth also argues that the PCRA itself specifically addresses the situation that the prisoner mailbox rule is designed to correct. Section

9545(b)(1) excuses non-compliance with the PCRA deadline where there has been interference by government officials with the presentation of the claim. The Commonwealth points out that appellant makes no allegation of interference by government officials, and that the tardiness of his filing was entirely his fault.

We do not agree with the Commonwealth's position. All of the policy reasons stated above which support the prisoner mailbox rule for direct appeals are equally applicable to collateral attacks by defendants. Although the one-year period provided by the PCRA is indeed longer than the thirty-day period of Rule 903, the legislature clearly intended that the petitioner have the benefit of the full year, or, in the case of petitioners whose judgment became final on or before January 16, 1996, a full year after the effective date, in which to file. We also find that the circumstances which hinder the effective monitoring of *pro se* petitions are the same as those hindering prisoners preparing their own direct appeals. While the language of the statute provides for the admissibility of untimely petitions where there has been unconstitutional interference by government officials, we believe that delay by prison personnel in mailing a petition, even if it does not rise to unconstitutional interference, may unfairly limit a prisoner's right to file.

■ We therefore hold that the prisoner mailbox rule is applicable to petitions filed pursuant to the PCRA, and that the trial court erred in dismissing appellant's petition without consideration of the prisoner mailbox rule.

We remand this case to the PCRA court to consider the evidence submitted to establish the timeliness of appellant's petition. If the lower court determines that documentary evidence establishes that the petition was timely filed under the prisoner mailbox rule, it shall then proceed to determine the merits of the issues raised in appellant's PCRA petition.

Order dismissing appellant's PCRA petition reversed. Remanded for proceedings

---

**3.** We point out that Pa.R.App.P. 903 is grounded in a statute, 42 Pa.C.S.A. § 5571, which stipu-

lates a 30-day limit on time to take an appeal from a lower to an appellate court.

consistent with this opinion. Jurisdiction relinquished.