RULE 113.  CRIMINAL CASE FILE AND DOCKET ENTRIES.

(A)  The clerk of courts shall maintain the criminal case file for the court of common pleas.  The criminal case file shall contain all original records, papers, and orders filed in the case, and copies of all court notices.  These records, papers, orders, and copies shall not be taken from the custody of the clerk of court without order of the court.  Upon request, the clerk shall provide copies at reasonable cost.

(B)  The clerk of courts shall maintain a list of docket entries:  a chronological list, in electronic or written form, of documents and entries in the criminal case file and of all proceedings in the case.

(C)  The docket entries shall include at a minimum the following information:

(1)  the defendant's name;

(2)  the names and addresses of all attorneys who have appeared or entered an appearance, the date of the entry of appearance, and the date of any withdrawal of appearance;

(3)  notations concerning all papers filed with the clerk, including all court notices, appearances, pleas, motions, orders, verdicts, findings and judgments, and sentencings, briefly showing the nature and title, if any, of each paper filed, writ issued, plea entered, and motion made, and the substance of each order or judgment of the court and of the returns showing execution of process;

(4)  notations concerning motions made orally or orders issued orally in the courtroom when directed by the court;

(5)  a notation of every judicial proceeding, continuance, and disposition;

(6)  a notation if the defendant was under the age of 18 at the time of the commission of the alleged offense and charged with one of the offenses excluded from the definition of "delinquent act" in paragraphs (2)(i), (2)(ii), and (2)(iii) of 42 Pa.C.S. § 6302;

(7)  the location of exhibits made part of the record during the proceedings; and

(8)  all other information required by Rules 114 and 576.

**(D) If a judicial district has provided for electronic filing pursuant to Rule 576.1, the criminal case file in which electronic filing has been utilized may be maintained solely in an electronic format as long as copies of the documents maintained in the criminal case file may be produced in a physical paper format.**

COMMENT:  This rule sets forth the mandatory contents of the list of docket entries and the criminal case files.  This is not intended to be an exhaustive list of what is required to be recorded in the docket entries.  The judicial districts may require additional information be recorded in a case or in all cases.

The list of docket entries is a running record of all information related to any action in a criminal case in the court of common pleas of the clerk's county, such as dates of filings, of orders, and of court proceedings.  The clerk of courts is required to make docket entries at the time the information is made known to the clerk, and the practice in some counties of creating the list of docket entries only if an appeal is taken is inconsistent with this rule.

Nothing in this rule is intended to preclude the use of automated or other electronic means for time stamping or making docket entries.

This rule applies to all proceedings in the court of common pleas at any stage of a criminal case.

The requirement in paragraph (C)(2) that all attorneys and their addresses be recorded makes certain there is a record of all attorneys who have appeared for any litigant in the case.  The requirement also ensures that attorneys are served as required in Rules 114 and 576.  *See also* Rule 576(B)(4) concerning certificates of service.

In those cases in which the attorney has authorized receiving service by facsimile transmission or electronic means, the docket entry required in paragraph (C)(2) must include the facsimile number or electronic address.

Paragraph (C)(4) recognizes that occasionally disposition of oral motions presented in open court should be reflected in the docket, such as motions and orders related to omnibus pretrial motions (Rule 578), motions for a mistrial (Rule 605), motions for changes in bail (Rule 529), and oral motions for extraordinary relief (Rule 704(B)).

Unexecuted search warrants are not public records, see Rule 212(B), and therefore are not to be included in the criminal case file nor are they to be docketed.

NOTE:  Former Rule 9024 adopted October 21, 1983, effective January 1, 1984; amended March 22, 1993, effective as to cases in which the determination of guilt occurs on or after January 1, 1994; renumbered Rule 9025 June 2, 1994, effective September 1, 1994.  New Rule 9024 adopted June 2, 1994, effective September 1, 1994; renumbered Rule 113 and amended March 1, 2000, effective April 1, 2001; rescinded March 3, 2004 and replaced by Rule 114(C), effective July 1, 2004.  New Rule 113 adopted March 3, 2004, effective July 1, 2004; amended July 31, 2012, effective November 1, 2012; C*omment* revised October 22, 2013; effective January 1, 2014 **[.]** **; amended January 25, 2018, effective May 1, 2018.**

\*       \*       \*       \*       \*       \*

*COMMITTEE EXPLANATORY* *REPORTS:*

*Final* *Report* **explaining the provisions of the new rule published with the Court's Order at 34** *Pa.B.* **1547 (March 20, 2004).**

*Final* *Report* **explaining the July 31, 2012 amendment adding new paragraph (6) concerning defendants under the age of 18 published with the Court's Order at 42** *Pa.B.* **5333 (August 18, 2012).**

*Final* *Report* **explaining the October 22, 2013 revisions to the** **Comment** **regarding the unexecuted search warrants published with the Court's Order at 43** *Pa.B.* **6649 (November 9, 2013).**

**Final Report explaining January 25, 2018 amendment providing for maintenance of electronically filed documents published with the Court's Order at 48 Pa.B.          (     , 2018).**

RULE 114.  ORDERS AND COURT NOTICES:  FILING; SERVICE; AND DOCKET ENTRIES.

(A)  Filing

(1)  All orders and court notices promptly shall be transmitted to the clerk of courts' office for filing.  Upon receipt in the clerk of courts' office, the order or court notice promptly shall be time stamped with the date of receipt.

(2)  All orders and court notices promptly shall be placed in the criminal case file.

(B)  Service

(1)  A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented.

(2)  The clerk of courts shall serve the order or court notice, unless the president judge has promulgated a local rule designating service to be by the court or court administrator.

(3)  Methods of Service

Except as otherwise provided in Chapter 5 concerning notice of the preliminary hearing, service shall be:

(a)  in writing by

(i)  personal delivery to the party's attorney or, if unrepresented, the party; or

(ii)  personal delivery to the party's attorney's employee at the attorney's office; or

(iii)  mailing a copy to the party's attorney or leaving a copy for the attorney at the attorney's office; or

(iv)  in those judicial districts that maintain in the courthouse assigned boxes for counsel to receive service, when counsel has agreed to receive service by this method, leaving a copy for the party's attorney in the box in the courthouse assigned to the attorney for service; or

(v)  sending a copy to an unrepresented party by certified, registered, or first class mail addressed to the party's place of residence, business, or confinement; or

4

(vi)  sending a copy by facsimile transmission or other electronic means if the party's attorney, or the party if unrepresented, has filed a written request for this method of service as provided in paragraph (B)(3)(c); or

(vii)  delivery to the party's attorney, or the party if unrepresented, by carrier service; or

(b) orally in open court on the record.

(c) A party's attorney, or the party if unrepresented, may request to receive service of court orders or notices pursuant to this rule by facsimile transmission or other electronic means by

(i) filing a written request for this method of service in the case or including a facsimile number or an electronic address on a prior legal paper filed in the case; or

(ii) filing a written request for this method of service to be performed in all cases, specifying a facsimile number or an electronic address to which these orders and notices may be sent.

The request for electronic service in all cases filed pursuant to paragraph (ii) may be rescinded at any time by the party's attorney, or the party if unrepresented, by filing a written notice that service of orders and notices shall be accomplished as otherwise provided in this rule.

**(d) In a judicial district that permits electronic filing pursuant to Rule 576.1, service of court orders or notices shall be made as provided in Rule 576.1(D)(2) and (H)(1).**

(C)  Docket Entries

(1)  Docket entries promptly shall be made.

(2)  The docket entries shall contain:

(a)  the date of receipt in the clerk's office of the order or court notice;

(b)  the date appearing on the order or court notice; and

(c)  the date of service of the order or court notice.

(D)  Unified Practice

Any local rule that is inconsistent with the provisions of this rule is prohibited, including any local rule requiring a party to file or serve orders or court notices.

COMMENT: This rule was amended in 2004 to provide in one rule the procedures for the filing and service of all orders and court notices, and for making docket entries of the date of receipt, date appearing on the order or notice, and the date of service. This rule incorporates the provisions of former Rule 113 (Notice of Court Proceedings Requiring Defendant's Presence). *But see* Rules 511, **[540(F)(2)] <u>540(G)(2)</u>**, and 542(G) for the procedures for service of notice of a preliminary hearing, which are different from the procedures in this rule.

Historically, some orders or court notices have been served by the court administrator or by the court. Paragraph (B)(2) permits the president judge to continue this practice by designating either the court or the court administrator to serve orders and court notices. When the president judge makes such a designation, the designation must be in the form of a local rule promulgated in compliance with Rule 105 (Local Rules) **and Rule of Judicial Administration 103 (Procedures for Adoption, Filing, and Publishing Rules)**.

Paragraph (C)(2) requires three dates to be entered in the list of docket entries with regard to the court's orders and notices: the date of receipt of the order or notice; the date appearing on the order or notice; and the date the order or notice is served. The date of receipt is the date of filing under these rules. Concerning appeal periods and entry of orders, see Rule 720 (Post-Sentence Procedures; Appeal) and Pa.R.A.P. 108 (Date of Entry of Orders).

Court notices, as used in this rule, are communications that ordinarily are issued by a judge or the court administrator concerning, for example, calendaring or scheduling, including proceedings requiring the defendant's presence.

Although paragraph (B)(3)(a)(iv) permits the use of assigned mailboxes for service under this rule, the Attorney General's office never may be served by this method.

Paragraph (B)(3)(c) provides two methods for consenting to the receipt of orders and notices electronically. The first method, added to this rule in 2004, permits electronic service on a case-by-case basis with an authorization for such service required to be filed in each case. A facsimile number

or an electronic address set forth on letterhead is not sufficient to authorize service by facsimile transmission or other electronic means under paragraph (B)(3)(c)(i). The authorization for service by facsimile transmission or other electronic means under this rule is valid only for the duration of the case. A separate authorization must be filed in each case the party or attorney wants to receive documents by this method of service.

The second method was added in 2010 to provide the option of entering a "blanket consent" to electronic service in all cases. It is expected that this would be utilized by those offices that work frequently in the criminal justice system, such as a district attorney's office or public defender's office, or by a judicial district that has the capability, based upon the availability of local technological resources, to accept a general request from a party to receive court orders and notices electronically. For example, a judicial district may have a system for electronically scanning documents that are stored on the courthouse computer system. In such a situation, an office that is part of the system, such as the District Attorney's Office or the Public Defender's Office, could consent to the receipt of all court orders and notices generally. As with service under paragraph (B)(3)(c)(i), a facsimile number or an electronic address set forth on letterhead is not sufficient to authorize service by facsimile transmission or other electronic means under paragraph (B)(3)(c)(ii). This consent may be rescinded as provided in paragraph (B)(3)(c).

Nothing in this rule is intended to preclude the use of automated or other electronic means for the transmission of the orders or court notices between the judge, court administrator, and clerk of courts, or for time stamping or making docket entries.

Nothing in this rule is intended to preclude a judicial district from utilizing the United States Postal Service's return receipt electronic option, or any similar service that electronically provides a return receipt, when using certified mail, return receipt requested.

Under the post-sentence motion procedures, the clerk of courts must comply with this rule after entering an order denying a post-sentence motion by operation of law. *See* Rule 720(B)(3)(c).

This rule makes it clear that the procedures for filing and service, and making docket entries, are mandatory and may not be modified by local rule.

Paragraph (D), titled "Unified Practice," emphasizes that local rules must not conflict with the statewide rules. Although this prohibition on local rules that are inconsistent with the statewide rules applies to all Criminal Rules through Rule 105 (Local Rules) **and Rule of Judicial Administration 103 (Procedures for Adoption, Filing, and Publishing Rules)**, the reference to the specific prohibitions is included because these types of local rules have been identified by practitioners as creating significant impediments to the statewide practice of law within the unified judicial system.  *See* the first paragraph of the **[Rule 105 *Comment*] *Note* to Pa.R.J.A. No. 103**.  The term "local rule" includes every rule, regulation, directive, policy, custom, usage, form or order of general application.  *See* **[Rule 105(A)] Pa.R.J.A. No. 103(d)(1)**.

For the definition of "carrier service," see Rule 103.

*See* Rule 103 for the definitions of "clerk of courts" and "court administrator."

*See* Rule 113 (Criminal Case File and Docket Entries) for the requirements concerning the contents of the criminal case file and the minimum information to be included in the docket entries.

NOTE:  Formerly Rule 9024, adopted October 21, 1983, effective January 1, 1984; amended March 22, 1993, effective as to cases in which the determination of guilt occurs on or after January 1, 1994; renumbered Rule 9025 and *Comment* revised June 2, 1994, effective September 1, 1994; renumbered Rule 114 and *Comment* revised March 1, 2000, effective April 1, 2001; amended March 3, 2004, effective July 1, 2004; amended August 24, 2004, effective August 1, 2005; amended July 20, 2006, effective September 1, 2006; *Comment* revised September 18, 2008, effective February 1, 2009; amended December 6, 2010, effective February 1, 2011 **[.]** **; amended January 25, 2018, effective May 1, 2018.**

\*   \*   \*   \*   \*   \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the March 22, 1993 amendments published with the Court's Order at 23 Pa.B. 1699 (April 10, 1993).*

*Report explaining the June 2, 1994 rule changes published at 23 Pa.B. 5008 (October 23, 1993).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the March 3, 2004 rule changes concerning filing and service, making docket entries, and orders and court notices published with the Court's Order at 34 Pa.B. 1561 (March 20, 2004).*

*Final Report explaining the August 24, 2004 changes concerning notice of preliminary hearing published with the Court's Order at 34 Pa.B. 5025 (September 11, 2004).*

*Final Report explaining the July 20, 2006 deletion of "manner of service" from paragraph (C)(2)(c) published with the Court's Order at 36 Pa.B. 4173 (August 5, 2006).*

*Final Report explaining the September 18, 2008 revision of the Comment concerning the United States Postal Service's return receipt electronic option published with the Court's Order at 38 Pa.B. 5428 (October 4, 2008).*

*Final Report explaining the December 6, 2010 amendment concerning consent to electronic service published with the Court's Order at 40 Pa.B. 7336 (December 25, 2010).*

*Final Report explaining January 25, 2018 amendments for service where a court has adopted electronic filing published with the Court's Order at 48 Pa.B.          (      , 2018).*

RULE 576.  FILING AND SERVICE BY PARTIES.

(A)  FILING

(1)  All written motions and any written answers, and any notices or documents for which filing is required, shall be filed with the clerk of courts.

(2)  Filing shall be **[by]**:

(a) **by** personal delivery to the clerk of courts; **[or]**

(b) **by** mail addressed to the clerk of courts.  Except as provided by law, filing by mail shall be timely only when actually received by the clerk of courts within the time fixed for filing **[.] ; or,**

**(c) in a judicial district that permits electronic filing pursuant to Rule 576.1, as provided in Rule 576.1(E).**

(3)  The clerk of courts shall accept all written motions, answers, notices, or documents presented for filing.  When a document, which is filed pursuant to paragraph (A)(1), is received by the clerk of courts, the clerk shall time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and promptly shall place the document in the criminal case file.

(4)  In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file.  A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

(5)  If a defendant submits a document *pro se* to a judge without filing it with the clerk of courts, and the document requests some form of cognizable legal relief, the judge promptly shall forward the document to the clerk of courts for filing and processing in accordance with this rule.

(6)  Unified Practice

Any local rule that is inconsistent with the provisions of this rule is prohibited, including any local rule requiring that a document has to be presented in person before filing or requiring review by a court or court administrator before a document may be filed.

(B)  SERVICE

(1)  All written motions and any written answers, and notices or documents for which filing is required, shall be served upon each party and the court administrator concurrently with filing.

(2)  Service on the parties shall be by:

(a)  personal delivery of a copy to a party's attorney, or the party if unrepresented; or

(b)  personal delivery of a copy to the party's attorney's employee at the attorney's office; or

(c)  mailing a copy to a party's attorney or leaving a copy for the attorney at the attorney's office; or

(d)  in those judicial districts that maintain in the courthouse assigned boxes for counsel to receive service, when counsel has agreed to receive service by this method, leaving a copy for the attorney in the attorney's box; or

(e)  sending a copy to an unrepresented party by certified, registered, or first class mail addressed to the party's place of residence, business, or confinement; or

(f)  sending a copy by facsimile transmission or other electronic means if the party's attorney, or the party if unrepresented, has made a written request for this method of service for the document; or

(g)  delivery to the party's attorney, or the party if unrepresented, by carrier service.

(3)  Service on the court administrator shall be by:

(a)  mailing a copy to the court administrator; or

(b)  in those judicial districts that maintain in the courthouse assigned boxes for the court administrator to receive service, leaving a copy for the court administrator in the court administrator's box; or

(c)  leaving a copy for the court administrator at the court administrator's office; or

(d)  sending a copy to the court administrator by facsimile transmission or other electronic means if authorized by local rule; or

(e)  delivery to the court administrator by carrier service.

(4)  Certificate of Service

(a)  All documents that are filed and served pursuant to this rule shall include a certificate of service.

(b)  The certificate of service shall be in substantially the form set forth in the *Comment*, signed by the party's attorney, or the party if unrepresented, and shall include the date and manner of service, and the names, addresses, and phone numbers of the persons served.

**(5) In a judicial district that permits electronic filing pursuant to Rule 576.1, service shall be made as provided in Rule 576.1(D)(2) and (H)(1).**

(C)  Any non-party requesting relief from the court in a case shall file the motion with the clerk of courts as provided in paragraph (A), and serve the defendant's attorney, or the defendant if unrepresented, the attorney for the Commonwealth, and the court administrator as provided in paragraph (B).

COMMENT:  **For the procedures for electronic filing and service as a local option, see Rule 576.1.**

Paragraph (A)(1) requires the filing of all written motions and answers.  The provision also applies to notices and other documents only if filing is required by some other rule or provision of law.  *See, e.g.*, the notice of withdrawal of charges provisions in Rule 561 (Withdrawal of Charges by Attorney for the Commonwealth), the notice of alibi defense and notice of insanity defense or mental infirmity defense provisions in Rule 573 (Pretrial Discovery and Inspection), the notice that offenses or defendants will be tried together provisions in Rule 582 (Joinder -- Trial of Separate Indictments or Informations), the notice of aggravating circumstances provisions in Rule 802 (Notice of Aggravating Circumstances), and the notice of challenge to a guilty plea provisions in Municipal Court cases in Rule 1007 (Challenge to Guilty Plea).

When a motion, notice, document, or answer is presented for filing pursuant to paragraph (A)(1), the clerk of courts must accept it for filing even if the motion, notice, document,

12

or answer does not comply with a rule or statute or appears to be untimely filed. It is suggested that the judicial district implement procedures to inform the filing party when a document is not in compliance with these rules or a local rule so the party may correct the problem.

*See Commonwealth v. Jones*, **[549 Pa. 58,]** 700 A.2d 423 (**Pa.** 1997); and *Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. 1998) concerning the timeliness of filings by prisoners proceeding *pro se* (the "prisoner mailbox rule").

The 2004 amendments to paragraph (A)(4) modified the procedure by which the clerks of courts handle filings by represented defendants when the defendant's attorney has not signed the document being filed by the defendant. As amended, paragraph (A)(4) requires, in all cases in which a represented defendant files a document, that the clerk of courts make a docket entry of the defendant's filing and place the document in the criminal case file, and then forward a copy of the document to both the attorney of record and the attorney for the Commonwealth. *See Commonwealth v. Castro*, 766 A.2d 1283 (Pa. Super. 2001). *Compare* Pa.R.A.P. 3304 (Hybrid Representation). The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response. *See* Rules 120 (Attorneys -- Appearance and Withdrawals) and 122 (Assignment of Counsel) concerning the duration of counsel's obligation under the rules.

Paragraph (A)(4) only applies to cases in which the defendant is represented by counsel, not cases in which the defendant is proceeding *pro se.*

The purpose of paragraph (A)(5) is to ensure documents raising cognizable legal issues submitted to the judge are transmitted to the clerk of courts, and does not relieve the defendant from complying with the other requirements of the rules. When a document is forwarded to the clerk from a judge, if the defendant is unrepresented, the clerk is to proceed as provided in paragraph (A)(3) and the defendant is to be treated like any other party. If the defendant is represented, the clerk is to proceed pursuant to paragraph (A)(4).

Paragraph (A)(6), titled "Unified Practice," was added in 2004 to emphasize that local rules must not conflict with the statewide rules. Although this prohibition on local rules that are inconsistent with the statewide rules applies to all Criminal Rules through Rule 105 (Local Rules) **and Rule of Judicial Administration 103 (Procedures for Adoption, Filing, and Publishing Rules)**, the reference to the specific prohibitions is included because these types of local rules have been identified by practitioners as creating significant impediments to the statewide practice of law within the unified judicial system. *See* the first paragraph of the **[Rule 105 *Comment*]** *Note* **to Pa.R.J.A. No. 103**. The term "local rule" includes every rule, regulation, directive, policy, custom, usage, form or order of general application. *See* **[Rule 105(A)]** **Pa.R.J.A. No. 103(d)(1)**.

Any local rule that requires personal appearance in addition to filing with the clerk of courts is inconsistent with this rule.

*See* Rule 113 (Criminal Case File and Docket Entries) for the requirements concerning the contents of the criminal case file and the minimum information to be included in the docket entries.

Paragraph (B)(1) requires that, concurrently with filing, the party must serve a copy on the court administrator. This requirement provides flexibility to accommodate the various practices for scheduling. However, it is not intended to replace the requirement that the party must file with the clerk of courts.

When a judge is assigned to a case, in addition to the requirements of paragraph (B)(1), it is suggested counsel send the judge a courtesy copy of any filings.

Under any system of scheduling, once a hearing or argument is scheduled, the court or court administrator must give notice of the hearing or argument to the parties, and a copy of the notice must be filed in the criminal case file and a docket entry made. *See* Rule 114(C)(2).

Although paragraph (B)(2)(d) permits the use of assigned mailboxes for service under this rule, the Attorney General's office never may be served by this method.

A facsimile number or an electronic address set forth on letterhead is not sufficient to authorize service by facsimile transmission or other electronic means under paragraph (B)(2)(f). The authorization for service by facsimile transmission or other electronic means under this rule is document specific and only valid for an individual document. Counsel will have to renew the authorization for each document.

Nothing in this rule is intended to preclude a judicial district from utilizing the United States Postal Service's return receipt electronic option, or any similar service that electronically provides a return receipt, when using certified mail, return receipt requested.

For the definition of "carrier service," see Rule 103.

Paragraph (B)(4) requires the filing party to include with the document filed a certificate of service. The certificate of service should be in substantially the following form:

> I hereby certify that I am this day serving upon the persons and in the manner indicated below. The manner of service satisfies the requirements of Pa.R.Crim.P. 575.
>
> Service by first class mail addressed as follows:
>
> (NAME)          (717) 787-0000
> Deputy Attorney General
> Office of the Attorney General
> 16 Floor Strawberry Square
> Harrisburg, PA 17120
>     (Attorney for the Commonwealth)
>
>
> Service in person as follows:
>
> (NAME)          (717) 240-0000
> Assistant District Attorney
> Cumberland County Courthouse
> Carlisle, PA
>     (Attorney for the Commonwealth)
>
>
> Service by leaving a copy at the office of:

(NAME)　　　　(717) 240-0000
Court Administrator
Cumberland County Courthouse
Carlisle, PA


Service by certified mail, return receipt requested,
as follows:

(NAME)　　　　(no phone)
Drawer 00000000
Camp Hill, PA


Service by electronic means addressed as follows:

(NAME)　　　　(717) 545-0000
000 Magnolia Ave, Suite A
Harrisburg, PA 17122
email address:  johndoe@hotmail.com
　　(Attorney for the Defendant)


Dated:


(S)
(NAME), Esq. (Attorney Registration No. 00000)


Under 18 Pa.C.S. § 4904 (unsworn falsification to
authorities), a knowingly false certificate of service
constitutes a misdemeanor of the second degree.

*See* Rule 451 (Service) for the procedures for service in
summary cases.

*See* Rule 114 (Orders and Court Notices:  Filing, Service,
and Docket Entries) for the requirements for docketing and
service of court orders and notices.

*See* Rule 103 (Definitions) for the definitions of court
administrator, clerk of courts, and motion**[s]**.


NOTE:  Former Rule 9022 adopted October 21, 1983,

16

effective January 1, 1984; amended March 22, 1993, effective January 1, 1994; amended July 9, 1996, effective September 1, 1996; renumbered Rule 576 and amended March 1, 2000, effective April 1, 2001.  Former Rule 9023 adopted October 21, 1983, effective January 1, 1984; amended June 2, 1994, effective September 1, 1994; renumbered Rule 577 and amended March 1, 2000, effective April 1, 2001; rescinded March 2, 2004, effective July 1, 2004.  Rules 576 and 577 combined and amended March 3, 2004, effective July 1, 2004, *Comment* revised June 4, 2004, effective November 1, 2004; *Comment* revised September 18, 2008, effective February 1, 2009; *Comment* revised September 21, 2012, effective November 1, 2012 **[.]** **; amended January 25, 2018, effective            , 2018.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the March 22, 1993 amendments to former Rule 9022 published with the Court's Order at 23 Pa.B. 1699 (April 10, 1993).*

*Report explaining the June 2, 1994 amendments to former Rule 9023 published at 23 Pa.B. 5008 (October 23, 1993).*

*Final Report explaining the July 9, 1996 amendments to former Rule 9022 published with the Court's Order at 26 Pa.B. 3532 (July 27, 1996).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the March 3, 2004 changes amending and combining Rule 576 with former Rule 577 published with the Court's Order at 34 Pa.B. 1561 (March 20, 2004).*

*Final Report explaining the September 18, 2008 revision of the Comment concerning the United States Postal Service's return receipt electronic option published with the Court's Order at 38 Pa.B. 5428 (October 4, 2008).*

*Final Report explaining the September 21, 2012 revision of the*

*Comment correcting a typographical error in the thirteenth paragraph published with the Court's Order at 42 <u>Pa.B.</u> 6247 (October 6, 2012).*

*<u>Final Report explaining the January 25, 2018 amendment regarding electronic filing and service pursuant to Rule 576.1 published with the Court's Order at 48 Pa.B.      (            , 2018).</u>*

(This is an entirely new rule.)


RULE 576.1. ELECTRONIC FILING AND SERVICE OF LEGAL PAPERS.

(A) The president judge of a judicial district by local rule promulgated pursuant to Rule 105 and Rule of Judicial Administration 103 may authorize electronic filing of legal papers with the clerk of courts in cases in the courts of common pleas and in the Philadelphia Municipal Court through the statewide electronic filing system as provided in this rule.

(B) Local Rule

(1) The local rule required under this rule shall include the following provisions:

(a)  subject to the provisions in paragraph (B)(4), a statement that the electronic filing system is permissive and specify the legal papers subject to the rule, but in no case shall legal papers prohibited from being filed electronically by this rule be permitted to be filed electronically;

(b) a provision for the procedures to ensure that any party who declines to participate in the system, or who is unable to electronically file or accept service of legal papers which were filed electronically, or who is otherwise unable to access the system, at a minimum, shall be able to file legal papers in a physical paper format and be served legal papers in a physical format which were electronically filed;

(c) any additional provisions as the court may deem necessary to provide a full and complete procedure for the use of the system within the judicial district; and

(d) a notation that the Administrative Office of Pennsylvania Courts and the judicial district have agreed upon an implementation plan for PACFile in the judicial district.

(2) Any judicial district that authorized electronic filing for a period of two years thereafter may amend their local rule, subject to the requirements of Rule 105 and Rule of Judicial Administration 103, to make participation in electronic filing mandatory.

(C) As used in this rule, the following words shall have the following meanings:

19

"electronic filing," the electronic submission of legal papers by means other than facsimile transmission and the acceptance of the document by the clerk of courts;

"filing party," an attorney, defendant, or other person who files a legal paper by means of electronic filing;

"legal paper," a pleading or other submission to the court, including motions, answers, notices, or other documents, of which filing is required or permitted, including orders, exhibits, and attachments, but excluding

(1) applications for search warrants,

(2) applications for arrest warrants,

(3) any grand jury materials, except the indicting grand jury indictment or the investigating grand jury presentment,

(4) submissions filed *ex parte* as authorized by law, and

(5) submissions filed or authorized to be filed under seal;

"original document," a legal paper filed electronically shall be deemed the original document, but copies of exhibits electronically filed do not constitute the original of the exhibit for evidentiary purposes; and

"the system," the PACFile electronic filing system, developed and administered by the Administrative Office of Pennsylvania Courts, is the exclusive system for electronic filing.

(D) Participation

(1) The system shall permit attorneys and defendants proceeding without counsel to file electronically.

(a)  In order to participate in the system, an attorney shall establish an account in the system by procedures established by the Administrative Office of Pennsylvania Courts.

(b)  A defendant who is proceeding without counsel shall be permitted to utilize the system through an authorization process established by the Administrative Office of Pennsylvania Courts.

20

(2) Establishment of an account by an attorney or authorization by a defendant proceeding without counsel in the system shall constitute consent to participate in electronic filing, including acceptance of service electronically of any document filed on the system in any judicial district that permits electronic filing.

(3) An attorney or defendant participating in the system is permitted to file a legal paper either in an electronic format or in a physical paper format.  Service upon an attorney or defendant participating in the system shall be done electronically.

(E) Filing

(1)  When a legal paper is to be electronically filed, it shall be submitted to the system at the Unified Judicial System web portal at http://ujsportal.pacourts.us, in accordance with this rule, any local rule adopted pursuant to this rule, and any filing instructions as may be otherwise provided at the web portal site.

(2)  Electronic filings may be submitted at any time, except during times of periodic maintenance. The electronic submission must be completed by 11:59:59 p.m. EST/EDT to be considered filed that day.

(3)  The time and date on which a legal paper is submitted to the system shall be recorded by the system. The system shall provide an acknowledgement to the filing party that the legal paper has been submitted.

(4) The time and date on which the legal paper is accepted by the clerk of courts office also shall be recorded by the system.  The system shall provide an acknowledgement to the filing party that the legal paper has been accepted.

(5) A legal paper shall be considered filed upon submission of the legal paper to the system and acceptance of the filing by the clerk of courts.  If the clerk of courts determines that the requirements for filing have been met, the time and date of filing shall be the time and date that the legal paper was submitted to the system. If the clerk of courts finds that the requirements for filing are not met, the clerk may reject the filing.

(6) A filing party shall be responsible for any delay, disruption, and interruption of the electronic signals and legibility of the document electronically filed, except when caused by the failure of the system's website.

(7)  The system shall attribute the filing of an electronic legal paper to the party whose account is used to log onto the system and file the legal paper.

(8) Legal papers shall be presented for filing in portable document format ("pdf").

(9) All legal papers electronically filed shall be maintained and retained by the clerk of courts in an electronic format. Neither the clerk of courts nor the court is required to maintain in a physical paper format any legal paper filed electronically as provided in this rule.

(10) Any legal paper submitted for filing to the clerk of courts in a physical paper format shall be accepted by the clerk of courts in that format and shall be retained by the clerk of courts as may be required by applicable rules of court and record retention policies. The clerk of courts shall convert such legal paper in a physical paper format to .pdf and add it to the system. However, those submissions that are excluded from the definition of "legal paper" under paragraph (C) shall not be converted and added to the system.

(11) No legal paper that complies with the Pennsylvania Rules of Criminal Procedure shall be refused for filing by the clerk of courts or the electronic filing system based upon a requirement of a local rule or local administrative procedure or practice pertaining to the electronic filing of legal papers.

(F) Signature

(1) Except as provided in paragraph (F)(3), an electronic signature of the filer as provided for in the system is permitted on electronic filings in the following form: */s/* John L. Doe.

(2) The electronic filing of a motion or answer that includes an electronic signature constitutes a certification pursuant to Pa.R.Crim.P. 575 that the filing party or attorney has read the legal paper, that to the best of the filing party's or attorney's knowledge, information and belief there is good ground to support the motion or answer, and that it is not interposed for delay.

(3) Any motion that, pursuant to Rule 575(A)(2)(g), avers facts not of record and requiring a sworn affidavit must be created in a physical paper form, have a physical signature placed on it, and then be converted into a .pdf before it may be electronically filed.

(4) The original of a sworn or verified legal paper that is an electronic filing or is contained within an electronic filing shall be maintained by the electronic filer in either electronic or paper format and made available upon direction of the court or reasonable request of the signatory or opposing party.

22

(G) The court by local rule shall provide for the maintenance by the clerk of courts of an electronic file only, or of such electronic and physical paper format files as set forth in the local rule. Those legal papers that are not permitted to be electronically filed pursuant to paragraph (C) shall be maintained in a physical paper format only.

(H) Service

(1) Upon the submission of a legal paper for electronic filing, the system shall provide an electronic notification to other parties and attorneys to the case who are participating in electronic filing that the legal paper has been submitted. This notification upon submission shall satisfy the service requirements of Rules 114(B) and 576(B) on any attorney or party who has established a system account.

(2) Upon the acceptance by the clerk of courts office of a legal paper for electronic filing, the system shall provide an electronic notification to other parties and attorneys to the case who are participating in electronic filing that the legal paper has been accepted.

(3) Service of electronic filings on any attorney or party who has not established a UJS web portal account or who is unable to file or receive legal papers electronically or otherwise unable to access the system shall be made by the procedures provided under Rules 114(B) and 576(B).

COMMENT: This rule, adopted in 2018, permits as a local practice the electronic filing of legal papers. This rule does not require the implementation of electronic filing by a local court. To provide a uniform system for electronic filing, the Administrative Office of Pennsylvania Courts has developed the PACFile electronic filing system. This is the only authorized system for electronic filing of legal documents in criminal court cases in the courts of common pleas and Philadelphia Municipal Court.

Paragraph (B) requires that a judicial district that desires to participate in the electronic filing system must adopt a local rule to that effect. As part of the initial "opting into" electronic filing, this local rule must provide that participation is voluntary. Once a judicial district has allowed electronic filing for two years, participation may be made mandatory. Paragraph (B)(1)(b) requires that all judicial districts in which electronic filing is allowed must make accommodations for

23

those parties who are unable to participate. In no event shall access to the court filing be precluded solely on the basis of participation in the electronic filing system.

This rule is applicable to cases in courts of record. *See* Rule 103 for the definition of a "court."

The UJS Portal contains other automated services beside PACFile. There may be circumstances when an attorney, who has registered as a user on another service of the UJS Portal, may have an established account that would be usable for PACFile. Any questions about the requirements of registration or accessibility to PACFile should be referred to the Administrative Office of Pennsylvania Courts.

The system permits a user to designate other users as proxies on individual cases. These proxies all receive notice of any filing in the case. It is anticipated that offices such as those of a district attorney or public defender would be able to establish general user accounts with particular attorneys assigned and their supervisors or back-ups listed as proxies in individual cases.

An attorney is responsible for the actions of other individuals whom the attorney authorizes to use the attorney's account.

The local rule required by this rule must conform to the requirements of Rule 105 (Local Rules) and Rule of Judicial Administration 103 (Procedures for Adoption, Filing, and Publishing Rules).

A file in physical paper format is not required by this rule. If the local rule requires a file in physical paper format, the requirement may extend to all cases or only to certain specified cases. For example, the court may require files in physical paper format for cases listed for trial or scheduled for argument while maintaining only electronic files for all other cases.

Upon submission of the electronic filing of a legal paper, the electronic filing system shall automatically send notice of the filing to all parties who have agreed to service by electronic transmission or whose e-mail address is included on an

appearance or prior legal paper filed in connection with the case. If the electronic filing system sends notice of such filing, the party filing the legal paper only need serve those parties who are not served by the electronic filing system. An electronic mail address set forth on letterhead is not a sufficient basis under this rule to permit electronic service of legal papers.

Nothing in this rule is intended to prohibit the use of advanced communication technology to submit an application for search warrant as provided in Rule 203(A) or to submit an application for an arrest warrant using advanced communications technology as provided in Rule 513(B)(1).

In addition to the filing fees now applicable, an online payment convenience fee for use of the PACFile system may be imposed. *See* 204 Pa. Code § 207.3.

*See* Rule 114(B) providing for the clerk of courts to serve orders and court notices by facsimile transmission or other means.

Legal papers filed electronically should be consistent with the formatting requirements of Rule 575(C).

*See* Rule 576 (B) governing service of motions and any written answers, and any notices or documents for which filing is required by facsimile transmission or other means.

See Rule 1002, for the applicability of this rule to summary cases filed in the Philadelphia Municipal Court.


NOTE:  New Rule 576.1 adopted January 25, 2018, effective May 1, 2018.

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final Report explaining new Rule 576.1 providing for electronic filing published with the Court's Order at 48 Pa.B.　　　(　　, 2018).</u>*