J-S83015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                              :            PENNSYLVANIA
                                                :
            v.                                 :
                                                :
MARSEILLE WILSON                          :
                                                :
            Appellant                     :       No. 1693 EDA 2017

Appeal from the PCRA Order May 9, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013135-2011

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                  **FILED MARCH 02, 2018**

        Appellant Marseille Wilson appeals from the Order denying his

Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.

§§ 9541-9546.  He challenges the effectiveness of counsel and the legality of

his sentence.  After careful review, we adopt as our own the Opinion of the

PCRA court filed June 28, 2017, and affirm.

     On March 1, 2013, a jury found Appellant guilty of rape, sexual assault

and indecent assault in connection with his rape of an unconscious woman.

The court sentenced him on July 11, 2013, to 5 to 10 years' incarceration on

the rape conviction, followed by 10 years' probation.[1]  This Court affirmed

---

[1] The sexual assault conviction merged for purposes of sentencing with the rape conviction.  The court imposed no further sentence on the indecent assault convictions.

the Judgment of Sentence on September 15, 2015. Appellant filed no further appeals.

On October 17, 2016, Appellant timely filed[2] the instant PCRA petition *pro se*, which he amended after the appointment of counsel, challenging the legality of his sentence based on ***Alleyne***,[3] and alleging ineffective assistance of counsel for failing to raise the issue at trial or on appeal. ***See*** Amended PCRA Petition, dated 11/21/16. Following the filing of a Pa.R.Crim.P. 907 Notice, the PCRA court dismissed the Petition as meritless on May 9, 2017.

On May 24, 2017, Appellant timely appealed. The court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement. The PCRA Court filed a Rule 1925(a) Opinion.

In a section of his Brief entitled "Summary of Questions Involved," Appellant presents the following issue:

> Should PCRA relief be granted where he was subject to an illegal sentence and where counsel failed to raise the issue at trial or on direct appeal?

Appellant's Brief, at 8.

---

[2] Pursuant to the prisoner mailbox rule, Appellant filed his PCRA Petition timely when he submitted it to prison officials for mailing on October 15, 2017. ***See Commonwealth v. Little***, 716 A.2d 1287, 1289 (Pa. Super. 1998) (holding that the prisoner mailbox rule applies to PCRA petitions).

[3] ***Alleyne v. United States***, 570 U.S. 99 (2013) (holding any fact that increases the mandatory minimum sentence must be presented to the jury and found beyond a reasonable doubt).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Without indicating the statute under which he was sentenced that he is challenging, and with absolutely no citation to the sentencing record, Appellant avers that he "was subject to an illegal mandatory minimum sentence … [and] counsel was ineffective for failing to raise the issue … at trial or on direct appeal." Appellant's Brief at 10. Appellant supports this argument summary with a lengthy discussion of **Alleyne** and subsequent Pennsylvania case law, followed by a general discussion of the right to counsel and **Strickland v. Washington**[4] and **Commonwealth v. Pierce**.[5] While Appellant's failure to provide relevant facts in his Brief would generally render this Appeal waived, the Hon. Genece Brinkley of the Philadelphia Court of Common Pleas, who presided over both Appellant's jury trial, sentencing and PCRA proceeding, has authored a well-written, thorough

---

[4] 466 U.S. 668 (1984).

[5] 527 A.2d 973 (Pa. 1987).

Opinion with citation to relevant case law and the record, which we adopt as our own. *See* PCRA Ct. Op., dated June 28, 2017 (finding: (1) Appellant did not cite which mandatory minimum sentencing statute he believes was applied illegally; (2) nothing in the record indicates that the Court applied a mandatory minimum sentence; (3) the word "mandatory" was never used during the sentencing hearing by the court or either party; (4) quoting the court's statement made during the sentencing hearing that "This, in essence, is a guideline sentence. It's in the middle of the guidelines. It's not above the guidelines;" and (5) because the underlying claim has no merit, Appellant's ineffective assistance of counsel claim fails.).

Our review indicates that the record supports the PCRA court's findings and its conclusion contains no legal error. Accordingly, we affirm the denial of PCRA relief. The parties are directed to annex a copy of the PCRA Court's June 28, 2017 Opinion to any future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/18

**FILED**

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH                    :                    CP-51-CR-0013135-2011

                                :


CP-51-CR-0013135-2011 Comm v Wilson, Marseille
Opinion

7967775781

vs.

MARSEILLE WILSON                 :

**SUPERIOR COURT**
**1693 EDA 2017**

**OPINION**

**BRINKLEY, J.**                                    **JUNE 28, 2017**

Defendant Marseille Wilson filed a petition for relief pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* (eff. Jan. 16, 1996), claiming

ineffective assistance of counsel at his sentencing hearing. After review of Defendant's

Amended PCRA Petition filed by PCRA counsel and the Commonwealth's Motion to Dismiss,

this Court dismissed the petition as without merit. Defendant appealed this dismissal to the

Superior Court and raised the following issue on appeal: whether trial counsel was ineffective for

"failing to raise the issue of the unconstitutionality of mandatory sentences at sentencing or to

file a direct appeal regarding that issue." This Court's dismissal of Defendant's PCRA petition as

meritless should be affirmed.

**Background**

On March 1, 2013, a jury found Defendant guilty of rape, sexual assault and two counts

of indecent assault, after the evidence adduced at trial showed that Defendant raped an

unconscious woman. On July 11, 2013, this Court sentenced Defendant to 5 to 10 years state

incarceration plus 10 years reporting probation on the rape charge. The sexual assault charge merged with the rape charge for purposes of sentencing. No further penalty was imposed on the two counts of indecent assault.

On July 13, 2013, Defendant filed a post sentence motion for reconsideration. This motion was denied by operation of law on October 19, 2013. On November 20, 2013, Defendant filed a Notice of Appeal to Superior Court and raised the following issues on appeal: (1) whether the Court erred in allowing the alleged victim to testify to the out of court statements made by Jerome Temple; (2) whether the Court erred when it did not allow a defense witness to testify to Defendant's reputation in the neighborhood with women; (3) whether the Court erred in denying defense counsel's request for an "expert report" from Nurse Christine Campbell when defense counsel received her examination report months earlier; (4) whether the evidence was sufficient to convict Defendant of rape, sexual assault and indecent assault; (5) whether the trial court erred and abused its discretion when it permitted the Commonwealth to introduce a statement by Jerome Temple which was not relevant if it was not being offered for its truth; and (6) whether the Court erred by denying defense counsel's request for a limiting or cautionary instruction to the jury to not consider the statement of Jerome Temple for the truth of the matter asserted herein.[1] On September 15, 2013, the Superior Court of Pennsylvania affirmed this Court's judgment of sentence. Defendant did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court.

On October 17, 2016, Defendant filed a timely *pro se* PCRA petition. On November 21, 2017, appointed PCRA counsel J. Matthew Wolfe, Esquire filed an Amended Petition, claiming that trial counsel was ineffective for "failing to raise the issue of the unconstitutionality of

---

[1] Issues #5 and 6 were raised in a Supplemental Concise Statement of Errors and were addressed by this Court in the Supplemental Opinion filed pursuant to Pa.R.A.P. 1925(a).

mandatory sentences at sentencing or to file a direct appeal regarding that issue." On April 12, 2017, the Commonwealth filed its Motion to Dismiss. On April 18, this Court sent Defendant a 907 Notice, providing him with notice that his petition would be dismissed for lack of merit. On May 9, 2017, this Court dismissed Defendant's petition as meritless. On May 24, 2017, Defendant filed a Notice of Appeal to Superior Court.

## Discussion

In his Amended PCRA Petition, Defendant claims that he was subject to a mandatory sentencing statute that has been found unconstitutional under Alleyne v. United States[2] and that his trial counsel failed to raise this issue at sentencing or on direct appeal. This claim is wholly without merit as Defendant was not sentenced pursuant to a mandatory sentencing statute. A review of the record at sentencing shows that this Court sentenced Defendant in accordance with the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing.

When reviewing the denial of PCRA relief, the appellate court's review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001). The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in light most favorable to the prevailing party. Commonwealth v. Duffey, 585 Pa. 493, 889 A.2d 56, 61 (2005). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S. § 9543.

Under the law of this Commonwealth, counsel is presumed to be effective and the defendant has the burden of proving otherwise. Commonwealth v. Reaves, 592 Pa. 134, 923

---

[2] 135 S. Ct. 2151 (2013).

3

A.2d 1119, 1124 (2007). Under the facts of this case, the Strickland/Pierce[3] ineffectiveness test is applicable.[4] To secure relief under this test, the defendant must plead and prove both that his "counsel's performance was deficient" and that the "deficient performance prejudiced the defense." Commonwealth v. Reaves, 592 Pa. 134, 923 A.2d 1119, 1124 (2007) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (1987)). Specifically, in order to demonstrate ineffective assistance of counsel, a PCRA petitioner must prove the following: "(1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." Commonwealth v. Bath, 2006 PA Super. 235, 907 A.2d 619, 622 (2006) (quoting Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326, 333 (1999)). The failure to satisfy any prong of this test will cause the entire claim to fail. Bath, 907 A.2d at 622 (citing Commonwealth v. Bridges, 584 Pa. 589, 886 A.2d 1127, 1131 (2005)); see also Commonwealth v. Harris, 578 Pa. 377, 852 A.2d 1168, 1173 (2004) ("where an appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone").

In the case at bar, Defendant claims that trial counsel was ineffective for failing to challenge the constitutionality of the sentence imposed, arguing that the trial court illegally sentenced Defendant pursuant to a now-unconstitutional mandatory minimum sentence statute. This claim is entirely without merit. In his Amended Petition, Defendant does not cite which

---

[3] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987).

[4] The courts of this Commonwealth have recognized exceptions to the Strickland/Pierce ineffectiveness test where there was an actual or constructive denial of counsel, the state interfered with counsel's assistance, or counsel had an actual conflict of interest. Commonwealth v. Reaves, 592 Pa. 134, 923 A.2d 1119, 1128 (2007). None of these exceptions apply to the case at bar.

4

mandatory minimum sentencing statute he believes was applied illegally. Moreover, there is nothing in the record to indicate that this Court applied a mandatory minimum sentence. A review of the notes of testimony from the sentencing hearing held July 11, 2013 does not reveal a single instance where the word "mandatory" was even used by this Court or either party.

A jury found Defendant guilty of Rape, Sexual Assault, and two counts of Indecent Assault. As indicated at the sentencing hearing. Defendant had a prior record score (PRS) of zero. The offense gravity score (OGS) for Rape was 12, with a sentencing guideline range of 48-66 months, plus or minus 12 months; OGS for Indecent Assault was 5, with a sentencing guideline range of RS-9 months, plus or minus 3 months. This Court sentenced Defendant to 5 to 10 years state incarceration plus 10 years reporting probation on Rape. The Sexual Assault charge merged with Rape for purposes of sentencing. This Court imposed no further penalty (NFP) on the two counts of indecent assault. As this Court stated on the record at the sentencing hearing:

> This, in essence, is a guideline sentence. It's in the middle of the guidelines. It's not above the guidelines, it's in the middle of the guidelines. The sexual assault charge merges and I'm going to impose no further penalty on the indecent assault. So while I could sentence him consecutively on the indecent assault charges, I won't, nor will I impose the maximum sentence of 10 to 20, which is what the Commonwealth is asking for.

(N.T. 7/11/13, p. 38-39). This Court then added, "Ordinarily when a person shows a complete lack of remorse and a lack of taking responsibility for what the jury found that they did, I ordinarily give them whatever sentence is requested by the Commonwealth, but I decided not to do that because you seem to have people in your family that think that you're a better person than you really are, and they took up their time to come out and some of them apologized, but you didn't." Id. at 39-40. Thus, the record is clear that this Court did not consider any mandatory

5

sentencing provision when fashioning this sentence. Rather, this Court considered the recommendations of counsel, Defendant's allocution and lack of remorse, the character testimony from Defendant's friends and family, the nature of the crime, and the victim's impact statement. At no time did anyone even mention a mandatory minimum sentencing provision. As stated above, to prove ineffectiveness Defendant must prove that is claim is of arguable merit. He must also prove that there was no reasonable strategic basis for counsel's action or inaction. In the case at bar, Defendant has provided no evidence to show that his claim is of arguable merit as there is nothing on the record to indicate that an illegal mandatory minimum sentencing statute was considered and imposed. Second, counsel cannot be found ineffective for failing to challenge a mandatory minimum sentencing statute that was never mentioned, alluded to, and certainly was never imposed. Since Defendant has failed to satisfy any of the prongs necessary to prove ineffective assistance of counsel, his claim must fail. Accordingly, this Court's dismissal of his PCRA petition should be affirmed.

## CONCLUSION

After review of applicable statutes, case law and testimony, this Court committed no error. This Court properly dismissed Defendant's PCRA petition as meritless as trial counsel was not ineffective. Accordingly, this Court's dismissal should be affirmed.

BY THE COURT:

_____