J-S20013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                                                :              PENNSYLVANIA
                                 :
             v.                      :
                                 :
                                 :
RAYMONT WALKER              :
                                 :
           Appellant           :       No. 110 WDA 2022

Appeal from the PCRA Order Entered December 13, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006204-2007

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:           **FILED: AUGUST 22, 2022**

Appellant Raymont Walker appeals *pro se* from the order dismissing his third Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant argues that the PCRA court erred in concluding that he waived all of his claims by failing to file a court-ordered Pa.R.A.P. 1925(b) statement.  Following our review of the record, we remand for further proceedings.

We adopt the PCRA court's summary of the facts and procedural history underlying this matter.  *See* PCRA Ct. Op., 3/24/22, at 1.  Briefly, Appellant filed the instant *pro se* PCRA petition on October 16, 2021.  On November 16, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing.  Appellant did not file a response.  On

---

[1] 42 Pa.C.S. §§ 9541-9546.

December 13, 2021, the PCRA court issued an order dismissing Appellant's petition. *Id.*

Appellant filed a timely notice of appeal on January 11, 2022. On January 31, 2022, the PCRA court issued an order directing Appellant to file a Rule 1925(b) statement by February 21, 2022. *Id.* On March 24, 2022, after Appellant failed to file a Rule 1925(b) statement, the PCRA court issued a Rule 1925(a) opinion in which it concluded that Appellant had waived all of his claims for appeal.

On April 6, 2022, the PCRA court issued a supplemental opinion explaining that it appeared that Appellant had mailed his Rule 1925(b) statement to the "criminal court administrator[, but it] was not filed due to a breakdown in the administrative process that was not the fault of Appellant." *See* Suppl. PCRA Ct. Op., 4/6/22, at 1. Therefore, the PCRA court requested, in the "interests of justice," that we remand the matter to allow the PCRA court to issue a Rule 1925(a) opinion addressing the issues raised in Appellant's Rule 1925(b) statement. *Id.*

Initially, we note that it is well settled that the failure to file a court-ordered Rule 1925(b) statement generally results in waiver of all issues on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Presley*, 193 A.3d 436, 441 (Pa. Super. 2018).

Incarcerated PCRA petitioners are entitled to the benefit of the "prisoner mailbox rule." *See Commonwealth v. Little*, 716 A.2d 1287, 1289 (Pa. Super. 1998) (applying the prisoner mailbox rule to PCRA filings). Under this

rule, submissions from an incarcerated litigant are deemed filed when they are deposited into the prison mailing system, or when they are given to prison officials for mailing. *Id.* at 1288; *see also* Pa.R.A.P. 121(f). In making this inquiry, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities[.]" *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted).

"Where . . . the facts concerning [the] timeliness [of the filing] are in dispute, a remand for an evidentiary hearing may be warranted." *Commonwealth v. Jones*, 700 A.2d 423, 426 n.3 (Pa. 1997). However, if "the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand." *Commonwealth v. Cooper*, 710 A.2d 76, 79 (Pa. Super. 1998) (citation omitted).

Here, the record reflects that although Appellant's Rule 1925(b) statement was docketed on April 18, 2022, the filing was dated February 10, 2022. Further, both parties and the PCRA court agree that Appellant filed a Rule 1925(b) statement, and that the apparent untimeliness of his filing was caused by an administrative error. Under these circumstances, we agree with the PCRA court that Appellant's Rule 1925(b) statement should be treated as timely filed.

Further, because the PCRA court has not had an opportunity to address the issues included in Appellant's Rule 1925(b) statement, we agree with the

PCRA court that remand is necessary. For these reasons, we remand for the PCRA court, within thirty days of its receipt of this memorandum, to file a supplemental opinion addressing the issues presented in Appellant's Rule 1925(b) statement. Should the PCRA court require additional time, it should address its written request to the Prothonotary of this Court.

Case remanded for PCRA court to prepare a supplemental opinion. Panel jurisdiction retained.