J-S12013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                         :             PENNSYLVANIA
                         :
         v.                   :
                         :
                         :
KATHERINE S. HALLOWELL       :
                         :
         Appellant       :    No. 1524 MDA 2022

Appeal from the PCRA Order Entered October 5, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001665-2019

BEFORE:    KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:             **FILED: JUNE 2, 2023**

Katherine S. Hallowell appeals *pro se* from the order denying her untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts may be summarized as follows: On February 26, 2019, Hallowell was the sole caretaker of the five-year-old female victim. While caring for the child, Hallowell became frustrated and assaulted her. During the assault, the victim struck her head against a hard surface resulting in a spinal injury and a subdural hematoma that required life-saving neurosurgical intervention.

On May 28, 2020, Hallowell entered an open guilty plea to aggravated assault and endangering the welfare of a child. That same day, the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentenced Hallowell to an aggregate term of eight to twenty years of imprisonment. Following the denial of her post-sentence motion, Hallowell appealed to this Court. On December 15, 2020, we rejected Hallowell's challenge to the discretionary aspects of her sentence and affirmed. *Commonwealth v. Hallowell*, 245 A.3d 1068 (Pa. Super. 2020) (non-precedential decision). Hallowell did not seek further review.

On March 1, 2021, Hallowell filed a timely PCRA petition and the PCRA court appointed counsel. Thereafter, PCRA counsel submitted a "no-merit" letter and a petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 9, 2021, the PCRA court granted counsel's petition to withdraw and filed a Pa.R.A.P. 907 notice of its intent to dismiss Hallowell's petition without a hearing. Hallowell filed a response. By order entered January 25, 2022, the PCRA court dismissed Hallowell's petition.

Hallowell did not file a timely appeal.[1] Rather, on February 14, 2022, Hallowell filed a second *pro se* PCRA petition with this Court, which we forwarded to the court below. The lower court received the filing on February

---

[1] On May 31, 2022, Hallowell filed a notice of appeal from the January 25, 2022, order denying her first PCRA petition. The appeal was docketed in this Court at No. 811 MDA 2022. By order of July 18, 2022, we directed Hallowell to show cause why that appeal should not be quashed as untimely. After reviewing Hallowell's response, this Court quashed the appeal at No. 811 MDA 2022 by order of August 8, 2022. Thereafter, we denied Hallowell's reconsideration motion.

16, 2022, docketed it as a notice of appeal and forwarded the filing back to this Court, where it was docketed at No. 534 MDA 2022.

Upon review of the February 16, 2022 *pro se* filing, this Court, by order of April 2, 2022, directed Hallowell to show cause why the appeal should not be quashed because the document bore no semblance to a notice of appeal and did not comport with the Pennsylvania Rules of Appellate Procedure. On May 10, 2022, Hallowell filed a response in which she claimed that PCRA counsel's ineffectiveness and lack of communication resulted in her failure to file an appeal. Because the February 16, 2022 filing was clearly a second PCRA petition, this Court, by order of May 20, 2022, directed the court below to correct its docket to reflect that a PCRA petition, not a notice of appeal, was filed by Hallowell. After the court complied, we struck the appeal docketed at No. 534 MDA 2022.

On August 16, 2022, the PCRA court issued a Rule 907 notice of its intent to dismiss Hallowell's second petition as untimely filed. Hallowell filed two *pro se* responses. By order entered October 5, 2022, the PCRA court dismissed Hallowell's second petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Hallowell raises the following two issues in her *pro se* brief:

> Did the sentencing court abuse [its] discretion by imposing an aggravated sentence of 8 to 20 years?
>
> Did the attorn[eys] fail to represent [Hallowell]?

Hallowell's Brief at 2.

Hallowell challenges the denial of her most recent attempt to obtain post-conviction relief. Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. *Commonwealth v. Blakeney*, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id.*

Before reaching Hallowell's substantive issues, we must first determine whether the PCRA court correctly concluded that her second petition was untimely filed, and that she failed to establish an exception to the time bar.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the

lower court are waived and cannot be raised for the first time on appeal).

Moreover, a PCRA petitioner must file his petition "within one year of date the

claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and

proven an exception "neither this Court nor the [PCRA] court has jurisdiction

over the petition. Without jurisdiction, we simply do not have the legal

authority to address the substantive claims." **Commonwealth v.**

**Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Hallowell's judgment of sentence became final on January 14,

2021, thirty days after this Court affirmed her judgment of sentence and the

time for filing a petition for allowance of appeal to our Supreme Court expired.

**See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Hallowell had until January 14,

2022, to file a timely petition. Because Hallowell filed her second petition in

February 2022,[2] it is untimely unless she has satisfied her burden of pleading

and proving that one of the enumerated exceptions applies. **See Hernandez**,

**supra**.

Our review of Hallowell's second petition reveals that she has failed to

plead, let alone prove, the applicability of any of the PCRA's timeliness

exceptions. Therefore, this Court, like the PCRA court, was without jurisdiction

---

[2] The PCRA court correctly found that, even applying the "prisoner mailbox rule," **see generally**, **Commonwealth v. Little**, 716 A.2d 1287 (Pa. Super. 1998), the petition was untimely because the postmark date on Hallowell's letter to this Court was February 9, 2022. **See** Rule 907 Notice, 8/16/22, at 3.

- 5 -

to consider the merits of this appeal. **Derrickson**, **supra**. We thus affirm the PCRA court's order dismissing Hallowell's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/02/2023